# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN DAVID ROMERO TIRADO,<br><br>*Plaintiff*,<br>v.<br><br>EXPRESS HOME SOLUTIONS L.L.C., et al.,<br><br>*Defendants*. | Civil Action No.: 21-3152-JEB |

## PLAINTIFF'S STATUS REPORT

On June 28, 2022, the Court, in its "Order for Initial Scheduling Conference" (Minute Entry dated 6/28/2022) ordered the Parties to confer and submit a joint report addressing the matters in Local Rule 16.3, and Federal Rule 26(f). On July 12, 2022, Plaintiff's counsel and counsel for Defendants Sanovia Smith ("Smith") and Defined Construction Group LLC ("DCG") (collectively "Defendants") conferred and discussed the matters which need to be addressed in the joint report. Plaintiff's counsel subsequently prepared a draft of the joint report and sent it to Defendants' counsel for review. On July 19, 2022, Defendant's counsel informed Plaintiff's counsel that he would be withdrawing from the case and that he had no authority to act on behalf of the Defendants in connection with this litigation. Defendants' counsel was unable to say when or if Smith and DCG would retain new counsel. Thus, Plaintiff submits this Status Report, setting forth his position regarding the matters in Local Rule 16.3, and Federal Rule 26(f) and providing a proposal for further proceedings.

**BRIEF STATEMENT OF THE CASE**

1. Plaintiff filed this lawsuit on December 1, 2022. ECF No. 1. Plaintiff alleges that his former employers, Express Home Solutions L.L.C and Defined Construction Group L.L.C., and its owners, officers and directors, Joseph Estep, Steven Fenwick (mistakenly referred to as Steven Estep) and Sanovia Smith, failed to pay him an overtime premium when he worked more than 40 hours in a work week and, in addition, failed to pay him for all hours worked. ECF No. 1 ¶ 15, 21. Defendants did not maintain accurate time records. ECF No. 1 ¶ 16.

2. Plaintiff seeks to recover his unpaid wages, liquidated damages equal to three times the amount of the unpaid wages and attorney's fees and costs, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1) ECF No. 3 ¶ 33, 36.

3. Defendants initially ignored this lawsuit and evaded service. Plaintiff was ultimately able to serve all Defendants except for Steven Fenwick, who Plaintiff dismissed without prejudice due to Plaintiff's mistake regarding Steven Fenwick's actual name. Plaintiff subsequently obtained an order of default from the Clerk as to all remaining Defendants. On May 23, 2022, Plaintiff filed a Motion for Default Judgment (ECF No. 20). Thereafter, Defendants Smith and DCG retained counsel who entered his appearance in the case on June 1, 2022.

4. Defendants Joseph Estep and Express Home Solutions LLC remain in default.

5. On July 12, 2022, the Plaintiff filed his First Amended Complaint (ECF No. 29) against all Defendants and brought Steven Fenwick back into the case as a Defendant by joining him in this action under his correct name.

## STATUTORY BASIS FOR PLAINTIFF'S CLAIMS

1. Count I of the Complaint arises under the Fair Labor Standards Act, 29 U.S.C. § 216 (b), *et seq*. ("the FLSA")

2. Count II of the complaint arises under the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427

3. Count III of the Complaint arises under the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2

4. Count IV of the Complaint arises under the District of Columbia Minimum Wage Revision Act - D.C. Code § 32-1002, *et seq*. ("the DCMWRA")

5. Count V of the Complaint arises under District of Columbia Wage Payment and Collection Act, D.C. Code, §§ 32-1301, et seq. ("DCWPCA")

## PLAINTIFF'S POSITION ON THE MATTERS SET FORTH IN LCvR 16.3(c)

This Status Report states Plaintiff's position and also identifies those portions of LCvR 16 on which the Parties were able to reach an agreement during their meet and confer even though counsel for Smith and DCG now claim that those Defendants will no longer honor the agreements reached by counsel during the meet and confer.

1. The Plaintiff does not plan to file any dispositive motions before discovery is concluded.
2. Plaintiff proposes that the date by which any other party shall be joined, or the pleadings amended, be set by the Court after a future status conference.
3. There was no unanimous consent for this case to be assigned to a magistrate judge for all purposes, including trial.

4. The Parties discussed the possibility of settling the case but were not able to reach a settlement or continue negotiations as Defendants' counsel has indicated he intends to withdraw from the case.

5. **Alternative Dispute Resolution:** The Parties disagreed on when to participate in the Court's ADR procedures. Plaintiff would like mediation to be scheduled after the close of discovery. Plaintiff does not wish to participate in the Court's ADR procedures at this time, because the Parties have divergent views of this case and will need the benefit of discovery to narrow the scope of their disagreement before they can have meaningful settlement discussions. The Defendants contend that they are not the Plaintiff's employer, but that the Plaintiff is an independent contractor, and they are not entitled to overtime premium pay. Defendants also dispute that they may be vicariously liable as general contractors. These issues are at the very heart of the litigation and Plaintiff requires discovery to access the relative strength of the Parties' positions.

6. The Parties have not determined whether to file any summary judgement or other dispositive motion at this time. If Plaintiff decides to file for summary judgment, he will notify the Court with proposed dates for filing the motion and/or cross-motion, opposition, and reply. The Plaintiff asks that the Court set a schedule for dispositive motions at a post-discovery status conference.

7. The Parties did not agree to dispense with Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) and do not anticipate any changes in scope, form, or timing of their disclosures.

8. Plaintiff provided Defendants with a draft stipulated order for the discovery of confidential information for their consideration and approval but has not heard back as to whether Defendants are agreeable to the proposed order.

9. The Parties had agreed that the exchange of expert witness reports and other information pursuant to Fed. R. Civ. P. 26(a)(2), including expert witness depositions and discovery, should be deferred until after dispositive motions are decided. The Plaintiff had expected to begin to schedule depositions in late August or early September 2022. However, due to the current posture of the case, it is unclear at this time when depositions will be taken. In addition, Plaintiff served Defendants with Early Rule 34 Requests. Those responses are due no later than August 11, 2022. Plaintiffs will also serve DCG with Interrogatories and Request for Admissions on July 20, 2022.

10. Plaintiff provided Defendants with a draft Privilege Logging and Rule 502(d) order for their consideration and approval but has not heard from Defendants as to whether they agree with the proposed order.

11. Plaintiff does not believe that trial and discovery need to be bifurcated. However, the Parties had agreed expert discovery should be deferred until after dispositive motions are decided.

12. The parties briefly conferred about the discovery of electronically stored information ("ESI") but were not able to reach agreement about preservation, scope, collection search and production of ESI. Plaintiff believes that most of the information items and evidence he requires to prove his case exist primarily in the form of ESI in the custody and control of the Defendants. Due to the information asymmetry that exists with respect to ESI, the Plaintiff requests that the Court orders any replacement counsel for any of the Defendants to, within 15 days of entering their appearance, to meet and confer with Plaintiff's counsel regarding ESI to reach agreement regarding the preservation, collection, search and production of ESI.

13. The Parties agreed that date for the pre-trial conference is to be determined by the Court.

14. The Parties agreed that the Court should set the trial date at the pre-trial conference.

15. The Plaintiff proposes the following dates to govern further proceedings:

| | |
|---|---|
| (a) Due Date of Defined Construction's LLC's Responses To Discovery Served on or before July 22, 2022 | September 19, 2022 |
| (b) Date by which Plaintiff is to Move for Order of Default if Defined Construction Group LLC does not retain New Counsel upon Withdrawal of Present Counsel, | October 1, 2022 |
| (c) Date by which any New Counsel is to Confer with Plaintiff's Counsel Regarding Preservation, Collection, Search and Production of Electronically Stored Information | Within 15 Days of Entry of Counsel's Appearance |
| (d) Initial Disclosures | TBD[1] |
| (e) Moving for Joinder of Additional Parties and Amendment of Pleadings | TBD (*see* n.1, supra) |
| (f) Proponent's Rule 26(a)(2)(A-B) expert Disclosures | Deferred |
| (g) Rebuttal Rule 26(a)(2)(A-B) expert Disclosures | Deferred |
| (h) Reply Rule 26(a)(2)(A-B) expert Disclosures | Deferred |
| (i) Completion of Fact Discovery and Submission of Post Discovery Joint Status Report | TBD (*see* n.1, supra) |
| (j) Requests for Admissions | TBD (*see* n.1, supra) |

---

[1] Considering the expected and imminent withdrawal of Defendants' current counsel, Plaintiff proposes that the Court schedule a status conference on a date at least 30 days after the Initial Conference on July 21, 2022. At that time, Plaintiff will either request a new scheduling order if one or more Defendants have retained new counsel or will ask the Court to set a date by which Plaintiff will move for default judgment against the Defendants.

| | |
|---|---|
| (k) Post-Discovery Scheduling Conference | To Be Determined by the Court after the Conclusion of Discovery |
| (l) Dispositive Motions Deadline | The Plaintiff requests that the Court Set a Briefing Schedule at the post-discovery status conference |

Respectfully submitted,

*/s/Suvita Melehy*
Suvita Melehy
DC Bar No.: 457435
Melehy & Associates LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
Telephone: (301) 587-6364
email: smelehy@melehylaw.com
*Attorneys for Plaintiff*