UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BENJAMIN DAVID ROMERO TIRADO,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPRESS HOME SOLUTIONS L.L.C.,** *et al.***,**<br><br>Defendants. | Civil Action No. 21-3152 (JEB) |

## MEMORANDUM OPINION

Plaintiff Benjamin Tirado performed carpentry work for various home-remodeling companies but was not commensurately paid for his labor. He therefore sued those companies and their owners, asserting various federal and state wage-law claims. Tirado now moves for entry of default against two of the Defendants — Sanovia Smith and Defined Construction Group LLC (DCG) — for their failure to defend. The Court will grant the Motion.

Smith and DCG's participation in this case was fleeting, to say the least. After being timely served, see ECF Nos. 4, 16 (Affidavits of Process Server), neither Defendant answered or otherwise responded to the Complaint. The Clerk of the Court therefore entered default against each on March 11 and May 17, 2022, respectively. See ECF Nos. 12, 19 (Entries of Default). On June 2, however, Defendants sprang into action. They successfully moved to vacate that entry of default, see ECF No. 24 (Motion to Vacate); Minute Order of June 6, 2022, followed up a few weeks later with an Answer to the Complaint, see ECF No. 27 (Answer), and then appeared for a status hearing on July 21. See Minute Order of July 21, 2022.

1

Their engagement was short lived. At the July hearing, this Court granted Defendants' counsel's motion to withdraw, and that was the last it heard from Smith and DCG. See ECF No. 33 (Motion to Withdraw); Minute Order of July 21, 2022. Defendants failed to appear for two subsequent status hearings, and they did not respond to discovery requests. See Minute Order of Sept. 8, 2022; Minute Order of Oct. 7, 2022. The Court ordered them to show cause by October 28 why default should not be entered against them, but that deadline came and went with no word from either Defendant. See Minute Order of Oct. 7, 2022. On December 20, after months of inaction, Tirado filed this Motion for entry of default against both Smith and DCG. Defendants, in what is now characteristic behavior, responded with more silence.

Federal Rule of Civil Procedure 55(a) provides that when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A court may enter a default if a defendant is "a 'totally unresponsive' party and its default plainly willful." Hanley-Wood LLC v. Hanley Wood LLC, 783 F. Supp. 2d 147, 150 (D.D.C. 2011) (internal citation omitted); cf. Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980) (noting that appropriateness of default judgment is "committed to the sound discretion of the trial court"). Both Smith and DCG satisfy that standard. For over five months now, they have been "totally unresponsive," and their disengagement is "plainly willful."

To be sure, unlike the typical defendant against whom default is entered, Defendants here have not always been unresponsive. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) ("[T]he typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer.") (internal quotations omitted). They filed an Answer and appeared for a status hearing in July. "The mere appearance by a defending party, without more, [however,] will not prevent the entry of a default for failure to plead or otherwise

defend." Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.). "[A] district court is also empowered to enter a default against a defendant that has failed to 'otherwise defend,'" and most courts have "embraced a broad understanding" of that phrase. City of New York, 645 F.3d at 129 (alterations and internal quotations omitted); see also Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 (3d Cir. 1992).

Here, notwithstanding their momentary surfacing and filing of a pleading, Smith and DCG have failed to "otherwise defend." Nearly half a year has passed since this Court heard from either party. The Court provided multiple chances for them to manifest their intent to contest this action, but each was disregarded. Defendants also "withdrew [their] counsel without retaining a substitute." City of New York, 645 F.3d at 130. The only reasonable inference from that behavior is that Smith and DCG have no intent to defend this case. See Nevada Gen. Ins. Co. v. Anaya, 326 F.R.D. 685, 692 (D.N.M. 2018) ("Examination of the relevant authorities reveals . . . that the relevant question is whether a defendant has indicated an intent to defend against the complaint."); Gempeler v. FDIC, No. 08-5094, 2010 WL 348394, at *2 (D. Minn. Jan. 22, 2010) (concluding that entry of default was appropriate even though defendants had appeared at hearing and filed late responses to dispositive motion). Entry of default against them is thus appropriate.

The Court will therefore grant Plaintiff's Motion for Entry of Default. A separate Order so stating shall issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: January 4, 2023